**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SAMUEL R. LUDWIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-00059-JAR |
| ) | |
| MICHAEL & ASSOCIATES ) | |
| TRUCKING, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on two motions filed by Defendant Michael & Associates Trucking, Inc. ("Michael"):  a Motion to Dismiss Count III of the Amended Complaint (Doc. 18); and a Motion to Strike Plaintiff's Request for Punitive Damages (Doc. 20).

Plaintiff Samuel R. Ludwig alleges the following in his amended complaint (Doc. 12): Defendant Albert L. Mulkey, Jr., was a truck driver employed by Michael.  In the early hours of July 14, 2016, Mulkey, attempted to U-turn his semitrailer in the middle of an intersection in Lincoln County, Missouri.  Plaintiff was driving through the same intersection perpendicular to Mulkey and collided with the right rear of Mulkey's trailer, sustaining severe injuries causing significant and ongoing expense and loss.

In his first two counts, Plaintiff alleges negligence claims against both Defendants based on the conduct the night of the accident. (Doc. 12 at ¶¶ 31-51.) In Count III, he alleges negligence against Michael based on their hiring, training, and supervision of Mulkey. (*Id.* at ¶¶ 52-59.) He seeks compensatory and punitive damages. (Doc. 12.) Michael argues that Plaintiff fails to allege

1

sufficient factual content to support Count III and that Plaintiff's demand for punitive damages is inappropriate for a "garden variety" claim of negligence. (Docs. 19, 21.)

## Michael's Motion to Dismiss Count III (Doc. 18)

Michael argues that, even after amendment, "[t]he only factual allegations contained in Plaintiff's Complaint continue to concern the circumstance of the accident itself—none of which would tend to support a claim of negligent hiring, retention, supervision, training, or maintenance. At most, Plaintiff provides a 'formulaic recitation' of the necessary elements to state a claim." (Doc. 19 at 5.) It asserts that "[a] pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice.'" (*Id.* (quoting *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010)).)

Plaintiff responds that his amended complaint narrows the issues while providing sufficient factual detail to satisfy the purposes of notice pleading: "giv[ing] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Cook v. George's, Inc.*, 952 F.3d 935, 938–39 (8th Cir. 2020) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 507 (2002)); (Doc. 24 at 2.) He asserts that he alleged facts related to each variety of supervisory negligence such that Michael is now aware of every claim alleged. (*Id.*)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (alteration in original) (citations omitted). "When ruling on a motion to dismiss [under Rule 12(b)(6)], the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

> Plaintiff sets out the following facts to underpin Count III:
>
> 23. Prior to July 14, 2016, Defendant Mulkey's history of collisions, violations and dangerous driving and/or failure to meet other requirements to be a professional driver made him a particularly dangerous driver with dangerous tendencies.
>
> 24. Defendant Michael & Associates knew or should have known of Defendant Mulkey's prior collisions, violations, dangerous driving tendencies and failure to meet other requirements to be a professional driver which made him particularly dangerous to others on the roadways, yet they hired him anyway.
>
> 25. Prior to July 14, 2016, Defendant Michael & Associates provided training to Defendant Mulkey on select professional driving matters which was severely inadequate in the amount, subject matter and requirements for an employer of a professional truck driver and Defendant Michael & Associates failed to provide training on other professional driving matters.
>
> 26. Prior to July 14, 2016, Defendant Michael & Associates owned and was responsible for maintaining Defendant Mulkey's vehicle.
>
> 27. Prior to July 14, 2016, Defendant Michael & Associates failed to adequately maintain Defendant Mulkey's vehicle pursuant to the Federal requirements for maintaining commercial vehicles, including but not limited to failing to maintain the lights, reflective material, and hazard warning devices in a safe working order.
>
> . . . .
>
> 30. Despite this knowledge, prior to and including the time of the collision on July 14, 2016, Defendant Michael & Associates failed to exercise its control over the way in which Defendant Mulkey performed his employment duties in such a way as to promote safe driving and performance of his job duties.

(*Id.* at ¶¶ 23-30.)

The Court concludes that Plaintiff's allegations in support of Count III are sufficient to clear the low hurdle presented at the motion to dismiss stage.  As evidenced by Michael's own reply, the amended complaint sufficiently notifies Michael of the potential negligence claims against it:  negligent hiring and retention; negligent supervision and training; and negligent maintenance.  (Doc. 27 at 2-3); *Cook*, 952 F.3d at 938-39.  Likewise, the facts alleged, accepted as true, are sufficient to allow the Court to infer liability:  Mulkey had a history of dangerous driving; Michael was aware (or should have been aware) of Mulkey's history when it hired him; the training Michael provided Mulkey was insufficient to prevent him from further dangerous conduct (such as attempting to perform a u-turn in the middle of an intersection); and Michael nonetheless sent Mulkey out on the road in a truck that lacked working lights, reflective material, and hazard warning devices.  These allegations "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Cook*,952 F.3d at 938–39.

Accordingly, the Court will deny Michael's motion to dismiss Count III.

## Michael's Motion to Strike Demand for Punitive Damages (Doc. 20)

In addition, Michael argues that "this matter concerns garden-variety claims of negligence from a motor vehicle accident," not the sort of case "that would justify the imposition of punitive damages—an extraordinary remedy—against Michael." (Doc. 21 at 1.)  It argues that the Court should strike the demand under Rule 12(f) as "redundant, immaterial, impertinent, or scandalous." More specifically, Michael suggests that Plaintiff's demand is "a prayer for relief not available under the applicable law," because Plaintiff does not allege sufficient factual content to support it in this case. (*Id.* at 1-2.)

Plaintiff responds that Rule 12(f) does not apply to his demand for punitive damages and that they are not prohibited by law. (Doc. 23.) He adds that Michael's case citations are inapposite. (*Id.*)

The Court concludes that Plaintiff has shown sufficient facts to make punitive damages a legally available possibility. A plaintiff can recover punitive damages under a negligence theory, although they are rarely given; "[U]nder Missouri law, a plaintiff is entitled to a punitive damages award if he shows that the defendant's conduct toward him was outrageous because of the defendant's evil motive or reckless indifference to the rights of others." *Brady v. Curators of Univ. of Mo.*, 213 S.W.3d 101, 107 (Mo. Ct. App. 2006). "Ordinarily [exemplary] damages are not recoverable in actions for negligence, because negligence, a mere omission of the duty to exercise care, is the antithesis of willful or intentional conduct." *Hoover's Dairy, Inc. v. Mid-Am. Dairymen, Inc./Special Prods., Inc.*, 700 S.W.2d 426, 435 (Mo. banc 1985)). "To satisfy the 'clear and convincing' standard of proof" necessary to award punitive damages, "evidence must show that the defendant either knew or had reason to know that there was a high degree of probability that the defendant's conduct would result in injury." *Peters v. Gen. Motors Corp.*, 200 S.W.3d 1, 25 (Mo. Ct. App. 2006), *opinion adopted and reinstated after retransfer* (Oct. 2, 2006) (citing *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 160 (Mo. banc 2000)).

Accepting Plaintiff's allegations as true, the Court concludes that it could infer that Michael either knew or had reason to know that there was a high degree of probability that sending a historically dangerous driver out onto the road in a poorly maintained truck would result in injury. *Peters*, 200 S.W.3d at 25. If proved, Plaintiff's allegations would allow a jury to find that Michael had "evil motive or reckless indifference to the rights of others." *Brady*, 213 S.W.3d at 107. If

5

the jury reached that conclusion, punitive damages would not be "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f).

Accordingly, the Court will deny Michael's motion to strike.

## Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Michael & Associates Trucking, Inc.'s Motion to Dismiss Count III of the Amended Complaint (Doc. 18), and Motion to Strike Plaintiff's Request for Punitive Damages (Doc. 20), are **DENIED**.

Dated this 27th day of April, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE