## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SAMUEL R. LUDWIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-00059-JAR |
| ) | |
| MICHAEL & ASSOCIATES ) | |
| TRUCKING, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Samuel R. Ludwig's Motion for Judgment on the Pleadings and Motion to Strike Defendants' Discovery Related to Affirmative Defense Based on R.S.Mo. § 303.390. (Doc. 66). For the reasons discussed below, the motion will be denied without prejudice.

**I.     BACKGROUND**

As alleged in the Second Amended Complaint, Plaintiff was driving northbound on Highway MO-79 near the intersection of Wehde Lane in Lincoln County, Missouri on or about July 14, 2016. (Doc. 35 at ¶ 13). Defendant Albert L. Mulkey, Jr., meanwhile, was driving a tractor-trailer southbound on the same highway in his capacity as an agent or employee for Defendants Michael & Associates Trucking, Inc. and Roadmasters Power Transport, LLC. (*Id.* at ¶¶ 14-18). At approximately 1:56 A.M., a collision occurred when Mulkey attempted to redirect northbound by turning onto Wehde Lane and in the process positioned the tractor-trailer diagonally across multiple highway lanes. (*Id.* at ¶¶ 19-27). Plaintiff brings this suit seeking actual and punitive damages in connection with the accident.

During discovery, Defendants learned that Plaintiff apparently lacked automobile insurance at the time of the accident. (Doc. 61 at ¶ 2). Accordingly, Defendants sought leave to amend their Answers to plead an affirmative defense under Missouri's "No Pay-No Play" statute, MO. REV. STAT. § 303.390, and this Court granted the request. (*Id.* at ¶ 3; Doc. 62). Broadly speaking, the statute provides that a person who lacks automobile insurance at the time of an accident may not recover noneconomic losses against a person who complies with Missouri's vehicular financial responsibility laws. Plaintiff contends that this Court should grant judgment on the pleadings against this affirmative defense and strike all applicable discovery requests because the No Pay-No Play statute violates the Missouri Constitution.

## II.   DISCUSSION

### A.   MOTION FOR JUDGMENT ON THE PLEADINGS

The Missouri Constitution provides that the "right to trial by jury shall remain inviolate." MO. CONST., Art. I, § 22(a). Plaintiff argues that the No Pay-No Play statute violates this provision because it strips him of his right to have a jury assess and award noneconomic damages. (Doc. 66 at 3-4). *See Jiles v. Schuster Co.*, 357 F. Supp. 3d 908 (W.D. Mo. 2018) (finding No Pay-No Play statute unconstitutional). If the No Pay-No Play statute applies to this case, this Court will inevitably be required to determine whether the statute violates the Missouri Constitution.

Defendants argue, however, that this Court should defer judgment on this issue because it has not been conclusively determined that the statute applies. (Doc. 70 at 2-4). The Court agrees. In his briefing, Plaintiff states the following: "[Plaintiff] received a ticket at the scene for not being able to show proof of insurance. The traffic court dismissed the ticket once [Plaintiff] showed proof of insurance within 30 days." (Doc. 66 at 3 n.1). This language at least suggests

that Plaintiff may intend to argue he did have insurance at the time of the accident and, therefore, the No Pay-No Play statute does not apply. Judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is appropriate "only when there is no dispute as to any material facts." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). In *Jiles*, the court did not rule on the constitutionality of the No Pay-No Play statute until the plaintiff filed a motion for partial summary judgment and the applicability of the statute had been conclusively established. Under the present circumstances, the Court will deny Plaintiff's motion for judgment on the pleadings without prejudice.

B. MOTION TO STRIKE

Pursuant to Fed. R. Civ. P. 12(f), Plaintiff also seeks to strike all discovery associated with Plaintiff's insurance status. (Doc. 66 at 5). While this Court enjoys liberal discretion under the rule, striking a party's pleading is an "extreme measure." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Such motions are "viewed with disfavor" and "infrequently granted." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977); *see also* 5 Wright & Miller, *Federal Practice & Procedure, § 1381* (3d ed.) ("But even when the defense seems to present a purely legal question, federal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike."). Courts "should refrain from deciding new or close questions of law on a motion to strike due to the risk of offering an advisory opinion." *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008).

Plaintiff argues that he "would be prejudiced by expending time and resources on discovery relating to an affirmative defense that is unconstitutional." (Doc. 66 at 5). While the Court recognizes this concern, it does not believe that discovery on the simple matter of

Plaintiff's automobile insurance will be unduly burdensome. Such minimal prejudice fails to overcome clear and reasonable precedent indicating motions to strike should be rarely granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Samuel R. Ludwig's Motion for Judgment on the Pleadings and Motion to Strike Defendants' Discovery Related to Affirmative Defense Based on R.S.Mo. § 303.390 (Doc. 66) is **DENIED without prejudice.**

Dated this 22nd day of January, 2021.

                                              JOHN A. ROSS
                                              UNITED STATES DISTRICT JUDGE